UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELLEY L. REYNOLDS,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner,
Social Security Administration,

    Defendant.

CASE NO.   C04-5844JKA

ORDER TO REMAND THE MATTER TO THE ADMINISTRATION FOR FURTHER REVIEW

    This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) on the consent of the parties. Pursuant to 42 U.S.C. § 405(g), the matter is before the court on plaintiff's complaint which seeks judicial review of an administrative decision.

    Ms. Reynolds is currently 54 years of age, and she is alleging disability based on combined impairments, the most critical of which are degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, carpal tunnel syndrome, affective disorder, anxiety disorder, and personality disorder. Ms. Reynolds protectively filed an application for supplemental security income on October 10, 2002, wherein she alleged disability beginning June 1, 1999 (Tr. 72-75). The ALJ issued a decision on March 17, 2004, denying plaintiff's claim (Tr. 13-22). The ALJ concluded that plaintiff was not precluded from the performance of her past relevant work as a room cleaner for any continuous 12 month period. In finding Ms. Reynolds not disabled, the ALJ rejected Ms. Reynolds's testimony, the lay evidence, and the opinions of several doctors (Tr. 21).

ORDER
Page - 1

Plaintiff alleges her application for social security benefits was erroneously denied by the ALJ, and thus seeks judicial review of the administrative decision. Specifically, Ms. Reynolds argues the Administrative Law Judge ("ALJ") improperly considered and rejected the medical opinions, her testimony and subjective complaints, and the lay witness statements. After reviewing the record, the court agrees. The court finds and orders as follows:

1. This court must uphold the Secretary's determination that plaintiff is not disabled if the Secretary applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

The regulations and applicable case law distinguish among the opinions of three types of acceptable medical sources: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant, but who review the claimant's file (non-examining or reviewing physicians). 20 C.F.R. § 404.1513; Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir 2001). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. Id. (*citing* Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

The Ninth Circuit has established the following standard for reviewing an ALJ's assessment of medical source opinions: an ALJ must provide "clear and convincing" reasons when rejecting the uncontradicted opinion of a treating or examining physician, but "specific and legitimate" reasons for rejecting treating or examining physician opinions that are contradicted by other medical source testimony. *See* Lester, 81 F.3d at 830. The ALJ must give specific, legitimate reasons for rejecting contradicted opinions on the ultimate issue of disability, and may do so by summarizing the conflicting evidence in detail and interpreting it. Magallanes v. Bowen, 881 F.2d 747, 751(9th Cir. 1989). the ALJ is responsible for

1  determining credibility and resolving ambiguities and conflicts in the medical evidence.

2  <u>Batson v. Barnhart</u>, 359 F.3d 1190, 1195 (9th Cir. 2004).

3       2. After reviewing the record the Court finds the ALJ erred in his consideration of the medical

4  evidence, which consisted of several conflicting opinions, diagnosis, symptoms, and consequent

5  impairments. After summarizing most of the medical evidence, the ALJ concluded the evidence supported

6  a finding that Ms. Reynold suffers from an adjustment disorder, drug abuse and degenerative disc disease

7  of the cervical spine (Tr. 17-18). Next, given these impairments and the addition of plaintiff's non-severe

8  impairments (obesity, carpal tunnel syndrome, fibromyalgia, and degenerative disc disease of the lumbar

9  spine) the ALJ considered plaintiff's residual functional capacity

10       In analyzing Ms. Reynolds capacity to work, the ALJ first considered plaintiff's subjective

11  complaints and credibility. The ALJ wrote:

12-15  > The Administrative Law Judge has considered the claimant's testimony and has found it partially credible to the extent she does have limitations resulting form her impairments but not to the extent she is unable to perform any work activities. Objective findings as noted above reveal she retains the ability to perform work activities despite limitations resulting from the impairments. The reports of her treating physician, Dr. Baker as well as those of Dr. Blair reveals she is able to engage in office type work. Further, the claimant has brought doubt upon her credibility in that her MCMI, MMPI-2 and FBS test performances all indicated she was malingering and /or exaggerating her symptoms.

16-19  > The Administrative Law Judge has considered the sedentary to light exertional levels that Dr. Baker and Dr. Blair have opined the claimant is able to engage in and has accorded such only some weight in that these doctors simply relied on the claimant's subjective complaints fo pain and failed to obtain any objective evidence to substantiate the claimant's complaints. Likewise, the opinions of Dr. Larson are also accorded little weight in that he too has failed to obtain any objective evidence to substantiate the claimant's pain complaints.

20  (Tr. 20).

21       The ALJ's decision contradicts itself regarding the medical evidence the ALJ is relying on to

22  support his finding that Ms. Reynold's retains the capacity to perform her old job as a housecleaner. On

23  the one hand the ALJ is relying on Dr. Blair and Dr. Baker to support his conclusion that plaintiff can

24  perform office type work, but in the very next paragraph the ALJ discredits the opinions of these two

25  physicians. Moreover, on review it is clear that the ALJ's reference to Dr. Baker is misplaced, as there is

26  no opinion of Dr. Baker contained in the record. The reference to Dr. Blair's opinion is also misplaced.

27  Dr. Blair did not did not opine that Ms. Reynolds was limited to sedentary exertional levels, but specifically

28  opined she could perform light work.

1  The ALJ treatment of Dr. Meharg's opinion is also unsupported. Dr. Meharg provided his professional opinion (at the request of the government) regarding Ms. Reynolds' on February 25, 2003. Dr. Meharg found her to present "a complex diagnostic challenge" created in part to his finding that she exaggerated her responses in some tests. Nevertheless, Dr. Meharg agreed that she had a cognitive impairment and a lower than average memory and IQ, and a weak vocabulary and comprehension. Dr. Meharg agreed with Dr. Chau's diagnosis of Adjustment Disorder with mixed emotional features with a GAF equal to 50 (indicating serious symptoms or serious impairment in social, occupational, or school functioning). Dr. Meharg reported that "there is little question that it can become severe at times and probably does constitute a moderate impairment in social and occupational functioning." Tr. 763.

The ALL did not specifically mention Dr. Meharg in his decision. He refers to the opinion with respect to Ms. Reynolds credibility, but the ALL failed to explain Dr. Meharg's diagnosis and limitations ascribed, including moderate restrictions in the following aspects: (i) ability to understand and remember detailed instructions, (ii) ability to carry out detailed instructions, (iii) ability to make judgments on simple work-related decision, (iv) ability to interact appropriately with the public, supervisors, or co-workers, and (v) the ability to respond appropriately to changes in a routine work setting.

3. Based on the court's review of the record, the matter should be remanded to allow the administration the opportunity to cure the mistakes it has made in reviewing the medical evidence and for further consideration. Accordingly, the matter is remanded to the administration for further consideration.

4. The clerk is directed to send copies of this Order to counsel of record.

DATED this 1st day of December, 2005.

/s/ J. Kelley Arnold
J. Kelley Arnold
U.S. Magistrate Judge

ORDER
Page - 4